**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HAYS,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC,<br><br>Defendant. | Case No. **'20CV0044 JAH AHG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>JURY TRIAL DEMANDED |

NOW COMES, MICHAEL J. HAYS, through undersigned counsel, complaining of MONTEREY FINANCIAL SERVICES, LLC, as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Debt Collection Practice Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

1

## PARTIES

5. MICHAEL J. HAYS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Detroit Lakes, Minnesota.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. Monterey Financial Services, LLC, ("Monterey") limited liability company organized under the laws of California.

9. Monterey has its principal place of business at 4095 Avenida De La Plata, Oceanside, California 92056.

10. Monterey is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Monterey's business is the collection of debt.

11. Monterey is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Monterey is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13. Years ago, Plaintiff borrowed money from Just Military Loans.

14. This loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. This loan is a "debt" as defined by Cal. Civ. Code § 1788.2(d).

16. This loan is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

17. On October 3, 2013, Plaintiff defaulted on this loan.

18. On February 2, 2017, Plaintiff's $138.00 balance was referred for collection.

19. On December 2, 2019, Plaintiff viewed his 3-Bureau Credit Report.

20. Plaintiff quickly noticed Monterey reporting an *alleged* $293.00 balance.

21. Plaintiff disputed this balance with Equifax® and TransUnion® directly.

22. Nonetheless, on December 31, 2019, Monterey e-mailed Plaintiff:

23. This e-mail said:

> This letter is in response to the dispute received and pursuant to the debt validation requirements set forth in the Fair Debt Collection Practices Act.  Please note that per the FDCPA, you had 30 days from the date you were notified by Monterey Collections that your account had been placed with Monterey Collections, to request to dispute this debt.  As a courtesy, the requested proof of debt will be forwarded to you.
>
> While we have marked the account as disputed, this defaulted contract balance for Just Military Loans remains due.  Call our office today to set up the necessary arrangements to satisfy your obligation to the contract.
>
> Trusting this is satisfactory,
>
> Coral C. Pena
> Collections Representative
> Monterey Collection Services

24. Surprised, Plaintiff contacted Monterey.

25. During this call, Monterey's representative suggested that the statute of limitations was approaching and, therefore, Plaintiff needed to make a payment.

26. Monterey's representative further advised Plaintiff once the statute of limitations runs, Monterey will send this loan back to Just Military Loans to initiate collection proceedings.

27. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

28. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Monterey's unlawful collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e**

30. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(5) and e(10)

31. Defendant violated 15 U.S.C. §§ 1692e(5) and e(10) by representing that Plaintiff's loan will be sent back to Just Military Loans to initiate collection proceedings once the statute of limitations runs.

32. Once the statute of limitations runs, collection proceedings would be time-barred.

33. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(5), and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.  a finding that Monterey violated 15 U.S.C. § 1692e(5), and e(10);

B.  an award of any actual damages sustained by Plaintiff;

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)

34.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.17

35.  California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

36.  As alleged, Monterey violated 15 U.S.C. §§ 1692e(5) and e(10); therefore violating Cal. Civ. Code § 1788.17.

37.  Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a)  Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b)  Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be

      for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c)     In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff request the following relief:

A.     a finding that Monterey violated Cal. Civ. Code § 1788.17;

B.     an award of any actual damages sustained by Plaintiff as a result of Monterey's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 7, 2020                                             Respectfully submitted,

                                                                                          **MICHAEL J. HAYS**

                                                                                         By: */s/ Nicholas M. Wajda*

                                                                               Nicholas M. Wajda
                                                                               **WAJDA LAW GROUP, APC**
                                                                               3111 Camino Del Rio North
                                                                               Suite 400
                                                                               San Diego, California 92108
                                                                               +1 310-997-0471
                                                                               nick@wajdalawgroup.com